| United States District Court | Southern District of Texas |
|---|---|

| | |
|---|---|
| Pamela A. Lorentz, § § § § § § § § § | |
| Plaintiff, | |
| versus | Civil Action H-11-1778 |
| Alcon Laboratories, Inc., | |
| Defendant. | |

# Opinion on Summary Judgment

1. *Introduction.*

   A worker has sued her former employer saying that it interfered with her medical leave and later fired her for taking it. Because she was allowed her leave undisturbed and she was fired for poor performance, the employer will prevail.

2. *Background.*

   In January of 2007, Pamela A. Lorentz began working as an account manager for Alcon Laboratories, Inc., a lens-implant company. In the spring of 2008, her thirteen-year-old daughter became ill with physical and psychological conditions. To care for her daughter, she asked for leave under the Family Medical Leave Act; Alcon granted it. She took 12 weeks, starting May 5, 2008.

   She says Matthew Bachmann, her supervisor, called her three to four times over the twelve weeks to check the status of her daughter and to ask if she knew when she might return to work. During each of those conversations, she told him that her daughter was still being treated and she was uncertain about her return.

   While she was on leave, Alcon realigned its sales territories in the United States. When she returned to work in late July, her sales territory – Houston, Louisiana from Alexandria south, and Mississippi from Jackson south – had been reduced to just Houston.

Lorentz had known of the planned change before her leave, having noted in her 2007 review that she was looking forward to it for family reasons.

After her return, Lorentz met several times with Bachmann and Craig Vlaanderen, the area manager. In those meetings, both Bachmann and Vlaanderen complained about her low sales and her not completing the supporting book-work part of her job. On November 18, 2008, they started Lorentz on a ninety-day improvement plan. They extended it on March 16th and again on April 24th.

Lorentz and Bachmann talked by telephone in May of 2009 about her work deficiencies. During it, Lorentz responded that he did not know what he was talking about because he had never done her job. Shortly later, Alcon fired her.

3.  *Interference.*

Based on those facts, Lorentz says that Alcon interfered with her leave and punished her for taking it.[1] She asked for leave, and Alcon allowed it. After she took the full twelve weeks covered by the law, she returned to work with the same position and compensation as before.

Lorenz insists that four – taking her best version – telephone calls about her status over the 12 weeks was "interference" with her leave. The company inquired about her plans once every 21 days on average by brief telephone calls. The company does not interfere with medical leave or other time off when it reasonably asks about the worker's plans.[2] That is part of managing its people and work. Assuming Bachmann's human concerns about her and her daughter are fully discounted, a worker on leave still has responsibilities to the company; they would include keeping it informed about potential availability to work as well as answering causal questions about work.[3] At a minimum, Lorenz should have told Bachmann in the first call that she wanted no more calls from the company. She did not ask the company to stop contacting her. This compels the conclusion that she found the calls interfering only after she was fired.

---

[1] 29 U.S.C. § 2615(a)(1) (2012).

[2] *Reilly v. Revlon, Inc.*, 620 F. Supp. 2d 524, 537 (S.D.N.Y. 2009).

[3] 29 C.F.R. § 825.311 (2012).

She says that Alcon punished her by not returning her to her old position; instead, she says that she was given a smaller territory and additional administrative work. Lorenz was before and was after her leave an outside salesman. The law does not require that she have all of the aspects of her position unchanged irrespective of the actual needs of the business as it determines them.[4] The job was substantially the same as before, and she had known of the proposed changes before she took leave. This argument shades into the direct claim of retaliation because both are claims of acts of the company after she has returned to work.

4. *Retaliation.*

As another form of punishment, Lorentz also says that Alcon fired her. An employer may not fire or otherwise mistreat an employee for having taken leave.[5] She says that Alcon's reasons for firing her – poor performance and insubordination – were false.

For comparison she offers three Alcon employees who did not take medical leave, received below-expectation ratings, and were not fired. Unlike Lorentz, none of those employees had been rated below-expectation for nearly an entire year. None of them was insubordinate. They are incommensurate to Lorenz.

Additionally, Lorentz points to two other employees — Kristin Kepreos and Amanda Nissley, whose employment ended after they took leave. Kepreos and Nissley say Alcon mistreated them for taking leave, but neither complained at the time to the company or anyone else. Lorenz cannot establish her case by showing that Alcon wronged another person or another occasion.

Last, Lorentz argues that the timing from her return to Alcon's firing her proves that she was fired for taking leave. Correlation is not necessarily evidence of causation. The temporal sequence of an adverse decision at work's coming after her leave is a necessary condition for her to bring a claim that the leave was related to the discharge, but it is insufficient to establish a causal relation. Her argument illustrates the informal fallacy of *post hoc ergo proptor hoc*. Having taken family leave, claimed worker's compensation, or complained of racial discrimination – all of which bar retaliation – does not immunize a worker from having to meet the ordinary requirements of the workplace, like productivity and civility.

---

[4] *Smith v. E. Baton Rouge Parish Sch. Bd.*, 453 F.3d 650, 651 (5th Cir. 2006).

[5] 29 U.S.C. § 2615(a)(2) (2012).

She says that her supervisors began "trying" to fire her only six weeks after her return, but nine months and much counseling passed before she was fired. The company could have fired her while she was on leave if it had rational business reasons.

5.  *Conclusion.*

Alcon Laboratories, Inc., did not interfere with Pamela A. Lorentz's family leave. She was allowed the full length of time covered by the law. Her position had changed because of Alcon's nationwide reallocation of sales territories. She was fired for exacerbating a long-term low performance in sales and support work with impudence. Its reasons for firing her cannot reasonably be construed as a smoke screen for hostility to her temporary absence.

Lorentz sued in a mix of illogic, misstatement, gossip, and supposition. Her angry suit simply transferred assets of the company from productive uses like paying good workers to paying lawyers to defend it.

Pamela A. Lorentz will take nothing from Alcon Laboratories, Inc.

Signed on January 4, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge